[Civ. No. 4308. First Appellate District, Division Two.—November 17, 1922.]

LILLIAN B. MacKEOWN, Appellant, v. DR. WALTER I. BALDWIN, Respondent.

[1] PHYSICIAN AND SURGEON—MALPRACTICE—TEARING OF LIGAMENT—PLEADING.—It is not malpractice for a physician and surgeon to tear loose a ligament, but many other factors must be considered to constitute such an act malpractice; and in an action against a physician and surgeon to recover damages for alleged malpractice in causing the ligaments of plaintiff's leg at a point near the knee

to become broken and torn from the flesh, the complaint is insufficient where there is no averment of any fact or facts showing that the defendant did anything which under the particular circumstances he should not have done, or that he omitted to do something which he should have done.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Southard M. Modry for Appellant.

Hartley F. Peart and Charles V. Barfield for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages for alleged malpractice. To plaintiff's seventh amended complaint the trial court sustained a demurrer without leave to amend and later signed and caused to be entered a judgment in favor of the defendant for his costs. From the judgment so rendered the plaintiff has appealed.

[1] In her seventh amended complaint the plaintiff inserted formal allegations to the effect that the defendant was a physician and surgeon; that on the twelfth day of July, 1919, the plaintiff injured her right leg by straining the ligaments; that about the first day of September, 1919, she employed the defendant; that at that time one Sigrid Stohl was a nurse in the employ of the defendant, and then the plaintiff states the charging part of her cause of action in paragraph V as follows: "That on or about the first day of September, 1919, said defendant entered upon said employment as physician as aforesaid, to treat, heal and cure the right leg of said plaintiff. That at or about said time said defendant instructed the said Sigrid Stohl, who was then and there in his employ as aforesaid, to bend the right leg of plaintiff backward and forward a great many times. That defendant so instructed the said Sigrid Stohl to bend the leg as aforesaid to the right and left, which bending caused said leg to tear the ligaments thereof at a point near the knee and caused the said ligaments to become broken and torn from the flesh. That the said twisting and bend-

ing of the said knee by the said Sigrid Stohl was so done by the expressed orders of the said defendant and that the said defendant was careless and negligent in this, to-wit: the said defendant told the said Sigrid Stohl to bend the right leg of plaintiff to the right and left, backward and forward, as aforesaid. That the bending, twisting and exercising the right leg as aforesaid caused the tearing of the ligaments as aforesaid and said ligaments would not have been torn if the said defendant had not instructed the said Sigrid Stohl to treat said leg as aforesaid. That the said defendant was negligent and careless in prescribing said treatment as aforesaid.'' The defendant demurred on numerous grounds. Among others, the defendant alleged: ''That said seventh amended complaint is uncertain in this, that it does not appear therein, nor can it be ascertained therefrom, what act or conduct on the part of this defendant is inconsistent with due and proper care of the plaintiff; how or in what way or manner this defendant was negligent, or careless, or of what his said alleged negligence or carelessness consists; how or in what way or manner defendant could have been negligent in merely instructing the masseuse to bend the leg of plaintiff; whether said alleged bending was not the proper treatment of plaintiff; whether the condition of plaintiff's leg was such that it was improper to bend the same; whether defendant ever instructed the said masseuse to twist plaintiff's leg or knee; and whether she ever, in fact, twisted plaintiff's leg or knee.'' Turning to the charging part of the complaint quoted above, it is patent that the defendant's instruction to his assistant was ''to bend the right leg of plaintiff backward and forward a great many times.'' It is true that the pleader in the next sentence charges, ''That defendant so instructed the said Sigrid Stohl to bend the leg as aforesaid to the right and left which bending caused said leg to tear the ligaments,'' etc. But further down such expression is clarified as showing the pleader did not mean to state that the leg was to be bent sideways to the right and sideways to the left, but the bending to the right and left was to be backward and forward. It is clear that the pleader does not aver that the leg was to be twisted, although the pleading contains language from which that inference might be drawn. The pleader evidently thought

he was within his rights in averring that a ligament was torn by reason of the operation, but the pleader evidently overlooked the fact that in many proper operations it is an essential part of the operation to tear ligaments. In other words, the mere matter of the tearing of a ligament is not actionable. If by reason of a spraining or some other injury an adhesion has taken place, it would seem to be elementary that relief can be had only by forcibly and with more or less violence tearing the ligament loose. It is not therefore malpractice to tear loose a ligament, but many other factors must be considered to constitute such an act malpractice. "Negligence on the part of a physician consists of his doing something which he should not have done or in omitting to do something which he should have done." (*McGraw* v. *Kerr*, 23 Colo. App. 163 [128 Pac. 870].) Now in the pleading before us there is no averment of any fact or facts showing that the defendant did anything which under the particular circumstances he should not have done, nor is there any averment that under certain circumstances he omitted to do something which he should have done. These omitted circumstances should have been enumerated (if in fact they existed), and thereupon the pleader should have predicated his contention that under such circumstances, naming them, the alleged bending was not the act of a person reasonably skillful in his profession. Thereafter, on the trial of the case, experts could be called to give testimony for and against such contention. In no other way can some cases sounding in malpractice be proved. (*McGraw* v. *Kerr*, 23 Colo. App. 163 [128 Pac. 870].) Taking the appellant's pleading by and large, and supposing that hereafter the plaintiff should take the stand and prove every single word which she has directly alleged, her proof would not constitute a cause of action to go before the jury, for there would be nothing to guide the jury as to whether the defendant had skillfully prescribed a bending, or whether his prescription was not reasonably skillful. In what we have just said we do not mean to be understood as stating that a doctor may prescribe a violent bending of the leg from side to side, and that such bending, if alleged, must be followed by additional averments, but in that behalf we do not understand the plaintiff by her complaint to make any such allegation and furthermore the defendant's

demurrer was directly addressed to that subject and to the subject of twisting. As the plaintiff's complaint was her eighth attempt, it is not reasonable to believe that the defendant was being charged with either a side bending or a twisting as lastly referred to by us.

The trial court did not err in sustaining the demurrer. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.